UNITED STATES of America,
Plaintiff–Appellee,

v.

Fernando TOVAR–ESPINOSA,
Defendant–Appellant.

No. 05–41497.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Fernando Tovar–Espinosa (Tovar) pleaded guilty to one count of attempting to reenter the United States without

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

permission after having been deported. Tovar contends that 8 U.S.C. § 1326(b), under which he was convicted, is unconstitutional. The Government does not seek to invoke the appeal waiver and has thus waived the issue. *See United States v. Story,* 439 F.3d 226, 230–31 (5th Cir.2006).

Tovar's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Tovar contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Tovar properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Tovar also asserts that this court should remand for correction of a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36. We remand for the limited purpose of correcting the judgment to reflect that the offense of conviction was attempted illegal reentry rather than Tovar having been "found in" the United States illegally. *See United States v. Angeles–Mascote,* 206 F.3d 529, 531 (5th Cir.2000).

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECT-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ING CLERICAL ERROR IN JUDGMENT.